## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| Doris Leaf, Betty Stash, Joann Lapko, )<br>Barbara Miller, Beth Tse, and Sherry Lasser, )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>Monte Carlo Las Vegas Resort and Casino, )<br>MGM Resorts International, MGM Resorts )<br>International Operations, Inc., and MGM )<br>Resorts International D/B/A Monte Carlo Las )<br>Vegas Resort and Casino, )<br>  )<br>Defendants. ) | Case No. 2:11-CV-85 JVB |

**OPINION AND ORDER**

In this diversity lawsuit, Plaintiffs contend that during a vacation in Las Vegas a "vermin infestation" in Defendants' hotel caused them personal injury and property damage. On March 19, 2011, Defendants moved for dismissal or transfer of Plaintiffs claims. They argue this Court has no personal jurisdiction over them, and that the Northern District of Indiana is an improper venue. Plaintiffs did not respond to this motion. The Court finds that it lacks personal jurisdiction over Defendants, is an improper venue, and now transfers the matter.

**A. Personal Jurisdiction**

The Plaintiff bears the burden of demonstrating personal jurisdiction. *See RAR, INC. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338

F.3d 773, 779 (7th Cir. 2003). Indiana's Trial Procedure Rule 4.4(a) permits jurisdiction on any basis allowed by the requirement for due process.[1] Due process requires that a nonresident defendant have certain "minimum contacts" with the forum such that "traditional notions of fair play and substantial justice are not offended." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The crucial question is whether the defendant's contacts with the state are such that he should reasonably anticipate being haled into court there." *Int'l Med. Group v. Am. Arbitration Ass'n,* 312 F.3d 833, 846 (7th Cir. 2002). "General jurisdiction" and "specific jurisdiction" are two criteria that allow personal jurisdiction over distant defendants.

**(1)** *General Jurisdiction*

"General jurisdiction" allows personal jurisdiction over a defendant if the defendant's contacts with that state are so general, systematic, and continuous that they make the defendant constructively "present" in the forum state. *Purdue Research Found.*, 338 F.3d at 781.

Defendants argue that the general jurisdiction cannot apply to the Court. They state they do not own or operate any businesses in Indiana, maintain any offices or employees in Indiana, send agents to conduct business in Indiana, or have any registered agents for service of process in Indiana. They further state there is no evidence or allegation they actively advertise or solicit business in Indiana. Plaintiffs failed to respond to these arguments. Therefore, the Court finds that Plaintiffs failed to meet their burden of proof demonstrating that the Court has personal jurisdiction under general-jurisdiction criteria.

---

[1] 34 Ind. Admin. Code 4.4 (West 2011) ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.")

**(2)** *Specific Jurisdiction*

.        "Specific jurisdiction" allows personal jurisdiction over a defendant if a plaintiff's claim arises from related "minimum contacts" to the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Merely contracting with an out-of-state party is insufficient to establish minimum contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985).

Defendants argue that Plaintiffs' complaint does not allege any Defendant contact with Indiana outside of the contract to provide hotel rooms. They argue that the mere presence of a contract is insufficient to establish jurisdiction under *Burger King.* Plaintiffs offered no response to this argument. Accordingly, the Court finds the Plaintiffs did not meet their burden of proof to demonstrate the Court has personal jurisdiction over Defendants under specific-jurisdiction criteria.

**B. Venue**

The Court finds that the United States District Court for the District of Nevada is the proper forum for this matter. Title 28 U.S.C. §1406(a) requires district courts to transfer actions brought in the wrong district to a proper district "in the interest of justice."[2] Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court's lack of personal jurisdiction does not prevent a transfer. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2nd Cir. 2001).

---

[2] 28 U.S.C.A. § 1406 (West 2011) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")

3

The Court finds it is the wrong district for this suit, as the Court lacks personal jurisdiction over the Defendants. Defendants argue that Nevada is a more convenient forum. They assert, among other things, that the alleged events occurred in Nevada, the bulk of non-party witnesses and evidence are in Nevada, and Nevada has a greater interest in resolving this controversy than Indiana. Plaintiffs did not respond to any of these arguments. Accordingly, the Court finds that transfer to the District of Nevada is proper.

For the stated reasons, the Court grants Defendants' request to transfer the case to the United States District Court for the District of Nevada (DE 12). The Clerk is ORDERED to transfer this case to the United States District Court for the District of Nevada.

SO ORDERED on July 1, 2011.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE