1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

DORIS LEAF, et al.,                                )
                                                   )
9              Plaintiffs,                         )
                                                   )
10        v.                                        )                    2:11-cv-1089-RCJ-CWH
                                                   )
11   MONTE CARLO LAS VEGAS RESORT          )                    **ORDER**
     AND CASINO, et al.,                           )
12                                                 )
             Defendants.                           )
13                                                 )
     _____

14
15            This case arises from allegations that a resort breached its rental contract because the

16   resort contained "vermin." Currently before the Court are three motions to dismiss (#31, 32,

     33).
17

**BACKGROUND**
18

19            In April 2011, Plaintiffs Doris Leaf, Betty Stash, Joann Lapko, Barbara Miller, Beth Tse,

20   and Sherry Lasser (collectively "Plaintiffs") filed an amended complaint in this Court based on

21   diversity jurisdiction against Defendants Monte Carlo Las Vegas Resort & Casino, MGM

     Resorts International, MGM Resorts International Operations, Inc., and MGM Resorts
22
     International d/b/a Monte Carlo Las Vegas Resort & Casino (collectively "Defendants").
23
     (Amended Compl. (#10) at 1). Plaintiffs were residents of Indiana, North Carolina, and Florida.
24
     (*Id.*). Plaintiffs alleged one cause of action, namely breach of contract against Defendants for
25
     renting Plaintiffs rooms at the Monte Carlo Las Vegas Resort that were infested with vermin.
26
     (*Id.* at 2). Plaintiffs alleged that they had contracted for "clean, habitable rooms" for use for
27
     their vacation. (*Id.*). After Plaintiffs notified Defendants of the infestation, Defendants refused
28
     to provide Plaintiffs with clean, vermin-free accommodations. (*Id.*). As a result, Plaintiffs'

1   clothing and personal effects became infested with vermin and they suffered bites and

2   infections from the vermin on Defendants' premises.  (*Id.*).

3                                          **DISCUSSION**

4         On August 23, 2011, Defendants Monte Carlo Las Vegas Resort & Casino (#31) and

5   MGM International Operations, Inc. (#32, 33)[1] filed motions to dismiss Plaintiffs' complaint

6   based on Plaintiffs failure to post-security as non-residents of Nevada pursuant to NRS

7   § 18.130.  (*See* Mot. to Dismiss (#31, 32, 33) at 2).

8         On September 16, 2011, this Court granted Plaintiffs an additional 30 days to respond

9   to the motions to dismiss because their attorney, Robert L. Taylor, had a family emergency.

10  (Order (#36) at 1).

11        On January 19, 2012, Plaintiffs filed a response and stated that they did not oppose the

12  motions to dismiss. (Resp. to Mot. to Dismiss (#40) at 1).

13        Pursuant to NRS § 18.130, a defendant may require an out-of-state plaintiff to secure

14  costs and charges which may be awarded against such a plaintiff.   Nev. Rev. Stat.

15  § 18.130(1).  To secure costs, a defendant must file and serve the plaintiff with a written

16  demand to secure costs within the time limited for answering the complaint.  *Id.*  After a lapse

17  of 30 days from service of the notice that security is required, if no undertaking as required has

18  been filed, the court or judge may order the action to be dismissed.   Nev. Rev. Stat.

19  § 18.130(4).

20        This Court grants Defendants Monte Carlo Las Vegas Resort & Casino (#31) and MGM

21  International Operations, Inc.'s (#32, 33) motions to dismiss based on Plaintiffs' non-

22  opposition.   Additionally, the Court *sua sponte* dismisses Defendant MGM Resorts

23  International from this lawsuit based on its statutory authority to do so under NRS § 18.130(4).

24

25

26        [1]  Defendants have the same attorney.  Presumably, the attorney meant to also file a
27  motion to dismiss on behalf of MGM Resorts International, erroneously designated as doing
    business as Monte Carlo Las Vegas Resort & Casino.  However, the attorney filed two motions
28  to dismiss on behalf of MGM International Operations, Inc. (*See* Mot. to Dismiss (#32, 33)).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants Monte Carlo Las Vegas Resort & Casino and MGM International Operations, Inc.'s  Motions to Dismiss (#31, 32, 33) are GRANTED.

IT IS FURTHER ORDERED that Defendant MGM Resorts International is *sua sponte* DISMISSED, with prejudice, from this case.

There are no remaining defendants in this case.  The Clerk of the Court shall enter judgment accordingly.

DATED: This _2nd_ day of February, 2012.

_____
United States District Judge

3